**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                          |   |                                     |
|--------------------------|---|-------------------------------------|
| LEO WEST,                | ) |                                     |
|                          | ) |                                     |
|     Plaintiff, | ) |                          |
|                          | ) |                                     |
|     v. | ) | Civil Action No. 1:24-cv-01543 (UNA) |
|                          | ) |                                     |
| JON TESTER,              | ) |                                     |
|                          | ) |                                     |
|     Defendant. | ) |                         |
|                          | ) |                                     |

## <u>MEMORANDUM OPINION</u>

Currently before the Court is Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues a United States senator. The complaint contains a single statement: "false statement[,] veteran af[f]air on veteran shelter." Compl. at 1. The complaint contains no other facts, context, or details necessary to state, or even so much as infer, a legal claim. Indeed, it is unclear what harm Plaintiff has suffered or when it occurred, who committed any such harm, or what relief he may seek. Although Plaintiff attaches, as exhibits to the complaint, ECF No. 1-1, printouts of several statutes, he fails to explain their relevance, if any. *See* D.C. LCvR 5.1(e). Moreover, because the statutes referenced are criminal, *see id.*, they do not create a private right of action, *see Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (collecting cases); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted).

More, *pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Here, as presented, neither the Court nor Defendant can reasonably be expected to identify Plaintiff's claims, and the allegations fall well short of stating a plausible claim.

For these reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: July 22, 2024